UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARRYL HOPE, individually and on behalf of all others similarly situated, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ENDURANCE WARRANTY SERVICES, L.L.C. )<br>)<br>)<br>)<br>Defendant. ) | **Jury Trial Demanded**<br><br>Case No. _____ |

## Class-Action Complaint

Plaintiff Darryl Hope, individually and on behalf of all others similarly situated, by his attorneys Butsch Simeri Fields LLC, and James X. Bormes, P.C., states:

### Parties, Jurisdiction, and Venue

1. Plaintiff Darryl Hope ("Hope") is an individual residing in St. Louis, Missouri.

2. Defendant Endurance Warranty Services, L.L.C., ("Endurance Warranty") is a limited-liability company organized and existing under Illinois

law. Its principal place of business is located at 3710 N. Kedzie Avenue, Chicago, IL 60618, which is located in this judicial district.

3. Hope is asserting claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681n and § 1681o. This Court has subject-matter jurisdiction under 15 U.S.C. § 1681p, which grants district courts jurisdiction over all actions to enforce liability created under the Fair Credit Reporting Act.

4. Endurance Warranty is subject to the personal jurisdiction of this Court under Rule 4(k)1(A) of the Federal Rules of Civil Procedure because Endurance Warranty would be subject to the jurisdiction of courts of general jurisdiction in Illinois.

5. Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(c) because Endurance Warranty is subject to personal jurisdiction in this district. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## Allegations Common to All Claims

6. In May 2009, Hope received a mailer from Endurance Warranty at his address in St. Louis, Missouri. A copy of this mailer is attached as Exhibit 1 and adopted by reference.

7. The Mailer states that Endurance Warranty accessed information in Hope's credit report.

8. Endurance Warranty did in fact access information in Hope's confidential consumer credit report.

9. Hope never authorized any credit-reporting agency to provide any information about him to Endurance Warranty.

10. Hope never authorized Endurance Warranty to obtain any information about him from any credit-reporting agency.

11. In the Mailer, Endurance Warranty notified Hope that it was offering to sell Hope automobile warranties.

### Count I — Violation of FCRA by Failing to Offer Hope Credit or Insurance

12. Hope adopts by reference the allegations in paragraph 1 through 11.

13. In this Count I, Hope does not allege that Endurance Warranty violated FRCA by failing to make a "firm offer" of credit or insurance, but rather, Hope alleges that Endurance Warranty violated FCRA by failing to offer Hope a credit or insurance product.

14. The Fair Credit Reporting ("FCRA"), 15 U.S.C. §§ 1681 — 1681x, is a consumer-protection statute that regulates the activities of

credit-reporting agencies and users of consumer reports, and provides rights to consumers affected by the use of information that is collected about them.

15. The purpose of FCRA is to protect consumers' privacy by safeguarding the confidentiality of the information maintained by consumer-reporting agencies. It states, "There is a need to insure that consumer[-]reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

16. FCRA protects consumers by prohibiting any release of consumer reports unless the release is for one of the permissible purposes set forth in 15 U.S.C. § 1681b.

17. The permissible purposes set forth in 15 U.S.C. § 1681b include, for the most part, transactions initiated by consumers. For instance, 15 U.S.C. § 1681b(a)(3) authorizes the use of consumer reports when the consumer has applied for credit, employment, or insurance.

18. One of the few circumstances in which FCRA allows businesses to use information in confidential consumer reports absent consumers initiating a transaction is when the recipient of the information extends the consumer a "firm offer of credit or insurance … ." 15 U.S.C. § 1681b(c)(1)(B)(i).

19. FCRA does not authorize the use of consumer reports to extend offers for just any product or service. It authorizes offers *only* for credit or insurance. 15 U.S.C. § 1681b(c)(1)(B)(i).

20. The automobile warranties that Endurance Warranty offered to sell Hope were not credit as required by 15 U.S.C. § 1681b(c)(1)(B)(i).

21. The automobile warranties that Endurance Warranty offered to sell Hope were not insurance as required by 15 U.S.C. § 1681b(c)(1)(B)(i).

22. By failing to offer Hope credit or insurance after accessing information in Hope's confidential consumer report, Endurance Warranty negligently, willfully, and knowingly violated FCRA.

23. For negligently violating FCRA, under 15 U.S.C. § 1681o, Endurance Warranty is liable to Hope for the costs of this lawsuit, and reasonable attorney fees.

24. For willfully and knowingly violating FCRA, 15 U.S.C. § 1681n, Endurance Warranty is liable to Hope for damages of $1,000 per violation, punitive damages, the costs of this lawsuit, and reasonable attorney fees.

WHEREFORE, on Count I, Hope requests that the Court enter judgment in his favor and against Endurance Warranty that awards Hope statutory damages of $1,000, punitive damages, costs, reasonable attorney fees, and all other relief that is just.

**Count II — Violation of FCRA by Including Unauthorized Conditions on Purportedly "Firm Offer"**

25. Hope adopts by reference the allegations in paragraph 1 through 11.

26. In this Count II, pleaded in the alternative to Count I, Hope alleges that even if Endurance Warranty somehow offered credit or insurance to Hope, Endurance Warranty violated FCRA because its offers were not "firm offers" under FCRA. Instead of being "firm offers" under FCRA, Endurance Warranty included conditions that FCRA does not authorize.

27. Because businesses seeking to extend pre-approved offers of credit or insurance access consumers' private and confidential information without the consumers' approval, FCRA requires that businesses must extend "firm offer[s]" of credit or insurance. A firm offer must be one that "will be honored." 15 U.S.C. § 1681a(*l*).

28. FCRA authorizes only three exceptions to the firm-offer requirement. That is, notwithstanding the requirement that offers be firm, lenders or insurers are authorized to condition a "firm offer" on either (1) the consumer meeting specific criteria as to creditworthiness or insurability, (2) the consumer continuing to meet the specific criteria used to select the consumer for the offer, or other information bearing on creditworthiness or insurability, or (3) the consumer furnishing any collateral that was a

6

requirement for extension of the credit or insurance. 15 U.S.C. § 1681a(*l*)(1)-(3).

29. FCRA does not authorize lenders or insurers to impose just any condition on its "firm offer." It authorizes only those three exceptions expressly enumerated in 15 U.S.C. § 1681a(*l*).

30. Under 15 U.S.C. § 1681a(*l*), Endurance Warranty was authorized to condition a "firm offer" on any of three conditions. The only authorized conditions are the three conditions expressly enumerated at 15 U.S.C. § 1681a(*l*).

31. Endurance Warranty provided certain criteria to credit-reporting agencies that the credit-reporting agencies used to generate the list of names of the individuals to whom it sent the Mailers.

32. Endurance Warranty conditioned its offer to sell the warranties to Hope on, among other things, the make and model of Hope's vehicle, the age of Hope's vehicle, the mileage on Hope's vehicle, and the engine type of Hope's vehicle.

33. These are not conditions authorized under 15 U.S.C. § 1681a(*l*).

34. By including these unauthorized conditions on its offer to sell automobile warranties, Endurance Warranty failed to make a "firm offer" as required by 15 U.S.C. § 1681b(c)(1)(B)(i).

35. By failing to make a "firm offer" to Hope, Endurance Warranty negligently, willfully, and knowingly violated FCRA.

36. For negligently violating FCRA, under 15 U.S.C. § 1681o, Endurance Warranty is liable to Hope for the costs of this lawsuit, and reasonable attorney fees.

37. For willfully and knowingly violating FCRA, under 15 U.S.C. § 1681n, Endurance Warranty is liable to Hope for damages of $1,000 per violation, punitive damages, the costs of this lawsuit, and reasonable attorney fees.

WHEREFORE, on Count II, Hope requests that the Court enter judgment in his favor and against Endurance Warranty that awards Hope statutory damages of $1,000, punitive damages, costs, reasonable attorney fees, and all other relief that is just.

**Class Allegations for Counts I and II**

38. Hope brings Counts I and II against Endurance Warranty on behalf of a class consisting of all persons in Missouri and Illinois whose consumer reports were obtained by Endurance Warranty without such persons' authorization, and who received mailers from Endurance Warranty similar to Exhibit 1 on or after June 10, 2007.

39. The proposed class is so numerous that joinder of all members is impracticable.

40. There are questions of law and fact common to the class. Common issues include:

      a. Whether Endurance Warranty violated FCRA when, after accessing information in confidential consumer reports in connection with transactions not initiated by consumers, it offered to sell automobile warranties to the consumers instead of offering credit or insurance to the consumers;

      b. Whether Endurance Warranty violated FCRA by offering to sell automobile warranties, but conditioning these offers on, among other things, the make and model of the vehicle, the age of the vehicle, the mileage on the vehicle, and the engine type of the vehicle; and

      c. Whether Endurance Warranty' violations of FCRA were "willful" within the meaning of the statute.

41. Hope's claims are typical of the claims of the putative class members. All are based on the same legal and factual issues, and Hope has no interests that conflict with the interests of the other class members.

42. Hope will fairly and adequately represent the members of the putative class. Hope has retained counsel experienced in the prosecution of class actions, and Hope is committed to the vigorous prosecution of his claims.

43. A class action is superior for the fair and efficient prosecution of this claim. Class-wide liability is essential to cause Endurance Warranty to stop its illegal conduct. Many class members may be unaware that they have been victims of Endurance Warranty' illegal conduct. For example, many class members may have decided to discard the mailing as "junk mail," and therefore never learn that information in their credit reports has been accessed for illegal purposes. Furthermore, most class members have little ability to take action individually due to the significant costs attendant to litigation compared with the relatively small damages available to them.

WHEREFORE, Hope requests that the Court enter judgment in favor of him and the class and against Endurance Warranty that:

    a. Certifies this lawsuit as a class-action;

    b. Appoints Hope class representative of a class consisting of all persons in Missouri and Illinois whose consumer reports were obtained by Endurance Warranty without such persons' authorization, and who received mailers from Endurance Warranty similar to Exhibit 1 on or after June 10, 2007;

    c. Appoints Butsch Simeri Fields LLC and the Law Office of James X. Bormes, P.C. as counsel for the class;

    d. Enters judgment in favor of Hope and the class and against that includes statutory damages of $1,000 for each violation for each class member,

punitive damages, costs, reasonable attorney fees, and all other relief that is just;

e. Awards counsel for the class reasonable attorney fees and all expenses of this action and require Endurance Warranty to pay the costs and expenses of class notice and claim administration; and

f. Provides all other relief to which Hope and the class may be entitled.

## Jury-Trial Demand

As authorized by the Seventh Amendment to the Constitution of the United States and Rule 38 of the Federal Rules of Civil Procedure, Hope, individually, and on behalf of the putative class, demands a trial by jury on all counts.

BUTSCH SIMERI FIELDS LLC

/s/ James J. Simeri
David T. Butsch
James J. Simeri
231 S. Bemiston, Ste. 260
Clayton, MO 63105
314.863.5700
butsch@bsflawfirm.com
simeri@bsflawfirm.com

and

Law Office of James X. Bormes, P.C.
James X. Bormes
8 S. Michigan Ave., Ste. 2600
Chicago, IL 60603
312.201.0575
bormeslaw@sbcglobal.net

Attorney for Plaintiffs

WARRANTY SERVICES
3710 NORTH KEDZIE AVENUE
CHICAGO, IL 60618

PRESORTED
FIRST CLASS MAIL
U.S. POSTAGE
**PAID**
A.M. MAILING
SERVICES, LLC

## CHANGE NOTIFICATION
VEHICLE WARRANTY RECORD    8809354558

```
************AUTO**3-DIGIT 631
DARRYL HOPE                              46
5235 DELOR ST # A                        87
SAINT LOUIS MO 63109-2903
```

IMPORTANT DOCUMENT
OPEN IMMEDIATELY – SLIDE FINGER UNDER THIS EDGE

Exhibit 1, page 1 of 3

Call NOW at 1-866-918-1439 you have been pre-qualified for an offer of credit to receive 0% financing. Monday-Friday 8:00AM to 9:00PM (CST) and Saturday 9:00AM to 2:00PM (CST).

## VEHICLE WARRANTY TERMINATION

This is a courtesy notice for vehicle owner

**DARRYL HOPE**

Our current records indicate that your factory vehicle coverage may be approaching the expiration date (or may have passed by the time you receive this notice).

YOUR RISKS

If you choose NOT to take action, you will be FINANCIALLY LIABLE for any repairs that are necessary after your warranty expiration date.

YOUR OPTIONS

**You still have time to ACTIVATE** extended vehicle warranty coverage. However, it is important that you respond within 72 hours.

If you plan to continue driving this vehicle, please contact us as soon as possible.

# 1-866-918-1439

Warranty service department hours are:

Monday – Friday 8:00AM to 9:00PM (CST)
Saturday 9:00AM to 2:00PM (CST)

---

*You can choose to stop receiving "prescreened" offers of credit from this and other companies by calling toll-free 1-888-567-8688.*
*See **PRESCREEN & OPT-OUT NOTICE***
*on other side for more information about prescreened offers.*

EWS 31

**Exhibit 1, page 2 of 3**

**PRESCREEN & OPT-OUT NOTICE**
*This "prescreened" offer of credit is based on information in your credit report indicating that you meet certain criteria. This offer is not guaranteed if you do not meet our criteria including providing acceptable property as collateral. If you do not want to receive prescreened offers of credit from this and other companies, call Equifax toll-free at 1-888-5OPT OUT; or write: Equifax Options • P.O. Box 740123 • Atlanta, GA 30374-0123*

**Exhibit 1, page 3 of 3**